.Juan B. García Mendez, peticionario, *v.* Corte de Distrito de Aguadilla, Hon. E. S. Mestre, Juez, demandada.

Núm. 1087.—*Sometido:* Noviembre 16, 1936. *Resuelto:* Diciembre 8, 1936.

*Juan B. García Méndez,* por su propio derecho; *J. Sabater,* abogado de los demandantes en el pleito principal.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Eduardo Méndez inició un procedimiento de *injunction* contra el Municipio de Aguadilla y Juan Bautista García Méndez. El Hon. Enrique S. Mestre, juez de la corte donde se radicó el pleito, se inhibió de conocer del mismo, alegando que desde que tomó posesión de su cargo se ha venido inhibiendo de conocer de casos en los cuales ha sido parte Eduardo Méndez Quiñones y que a menos que existan razones poderosas para ello, no debe apartarse de sus precedentes decisiones. Decretada la inhibición, se citó a las partes de acuerdo con el artículo 84 del Código de Enjuiciamiento Civil, para trasladar el caso a la corte correspondiente. Al discutirse la cuestión del traslado, el demandado Juan B. García Méndez hizo constar que los fundamentos

aduci-dos por la orden de la corte para decretar la inhibición no están sostenidos por la ley ni por la jurisprudencia. A raíz de estas manifestaciones se dictó la siguiente resolución:

"La corte, no habiendo habido convenio ni estipulación entre las partes para elegir el tribunal a que debe trasladarse este caso a virtud del auto de inhibición *esponte sua,* designa la Corte de Distrito de Mayagüez, por ser la que tiene sus salones más próximos a la de este tribunal."

Solicitaron los demandados que se reconsiderara la referida orden y se dejara sin efecto el traslado de la causa para la Corte de Distrito de Mayagüez y la inhibición decretada por el Hon. Juez Mestre. Negóse éste a reconsiderar su resolución, y entonces el demandado Juan B. García Méndez acudió a esta corte solicitando la revisión de las órdenes de inhibición y de traslado, por considerarlas nulas y sin ningún efecto legal.

No se hacen constar en los autos las razones que tuvo el Juez de la corte inferior para inhibirse de conocer del litigio iniciado por Eduardo Méndez. El Juez se limita a decir que se ha inhibido en casos anteriores y que no debe apartarse de los precedentes establecidos. El peticionario ha cuestionado los motivos en que parece basarse la inhibición. El hecho de que el Juez se haya inhibido en pleitos anteriores no es una razón legal para inhibirse en un pleito posterior. Esta corte ignora cuáles fueron los fundamentos legales que tuvo el Juez Mestre para inhibirse en los litigios en que ha sido parte Eduardo Méndez. No estamos en condiciones de afirmar ni negar la existencia de esos fundamentos, porque no surgen de los autos, pero como la suficiencia de esas razones ha sido cuestionada y se ha negado la reconsideración de la orden dictada a solicitud del demandado y peticionario Juan B. García Méndez, entendemos que el Juez ha debido hacer constar en autos los motivos que tuvo para decretar dicha orden y no limitarse a decir

que se inhibe ahora porque ha venido inhibiéndose en pleitos anteriores.

Cuando un juez se inhibe de conocer de un pleito, sin oposición de ninguna de las partes, y traslada el caso de acuerdo con el artículo 84 del Código de Enjuiciamiento Civil, debe presumirse que su decisión fué correcta y que legalmente se hallaba incapacitado para actuar. Cuando existe objeción, sin embargo, y se discute el hecho de que el juez está legalmente incapacitado, entonces los autos deben demostrar las razones que tuvo dicho juez para decretar la inhibición.

En el caso de *Bates* v. *Casey,* 61 Tex. 593, la corte se expresó así:

"Esta causa fué trasladada del Condado a la corte de distrito debido a que el juez del condado estaba incapacitado para juzgarla. Los motivos de su incapacidad no han sido consignados en los autos ni creemos nosotros que sea necesario consignarlos cuando el juez se recusa a sí mismo, a menos que sean atacados antes de que la causa sea elevada a este tribunal. Si una parte desea discutir el hecho de que el juez del condado está incapacitado, puede, en virtud de su objeción, establecer las razones de la supuesta incapacidad en los autos, tanto en la corte de distrito como en la corte del condado. Cualquier decisión impropia sobre la materia puede ser revisada en apelación por esta Corte, trayéndose a nuestra atención como un caso de error.

"Pero cuando tal objeción no ha sido hecha, y el récord demuestra, como en el presente caso, que el juez trasladó la causa por hallarse incapacitado, la presunción conclusiva debe estar en favor de su decisión, y de la jurisdicción de la corte de distrito."

Es verdad que en el presente caso no se trata de una apelación, sino de un recurso de *certiorari;* pero, a nuestro juicio, se sirve mejor a la justicia interviniendo oportunamente por medio de este procedimiento extraordinario que esperando corregir los errores que puedan haberse cometido en una apelación, por la razón de que si en último caso se decidiera que el juez no se hallaba legalmente incapacitado, tendría que tramitarse nuevamente el pleito ante

´él, todo lo cual constituiría una dilación indebida en la ad-ministración de justicia.

*Opinamos que deben revocarse las órdenes de inhibición y de traslado decretadas en 13 y 31 de agosto de 1936 respectivamente.*

El Juez Presidente Señor del Toro no intervino.